UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>　　　　Plaintiff,<br>　v.<br>UNITED STATES, et al.,<br>　　　　Defendants.<br>_____/ | No. C 12-01879 LB<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**<br><br>[Re: ECF No. 1] |

Plaintiff Chibueze Anaeme, proceeding *pro se*, has sued numerous Defendants for what appears to be actions taken or not taken with respect to a storage unit he rents from Public Storage, Inc. The storage unit is in Douglasville, Georgia. From what the court can tell, Plaintiff may have been denied access to the storage unit due to a dispute over the payment of fees. Plaintiff claims that Defendants violated the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

Plaintiff also filed an application for proceed *in forma pauperis*, which is still pending. IFP Application, ECF No. 3. Thus, Defendants have not yet been served with the complaint and summons.

Plaintiff's complaint states that "the actions, omissions, and transactions alleged to be unlawful were done within the jurisdiction of the United States District Court for the Northern District of Georgia, the United States District Court for the Southern District of California, and the United States District Court for the Northern District of California. The court reviewed Plaintiff's complaint, but sees no connection whatsoever to the Northern District of California. Plaintiff lives

in New Mexico, and no Defendants are alleged to be located in this District.

In federal question cases, venue is proper in the following districts: (1) if all Defendants reside in the same state, a district where any defendant resides; (2) a district in which a substantial part of the events or omissions on which the claim is based occurred; or (3) if there is no district in which the action may otherwise be brought, the district in which any defendant may be found. 28 U.S.C. § 1391(b). If venue is improper, a district court, in its discretion, may dismiss or transfer the action under 28 U.S.C. § 1406(a). *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Venue may be raised *sua sponte* where, as here, the defendants have not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Even where venue is proper under § 1391, a district court may transfer the case to another district for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may *sua sponte* transfer an action under § 1404(a). *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993).

The Northern District of California is the wrong venue for this action. The storage unit that forms the basis of this action is located in Douglasville, Georgia, which is located within the Northern District of Georgia. The complaint also suggests that the alleged conduct of these parties transpired in that District. Thus, under § 1391(b)(2), venue appears to be proper in the United States District Court for the Northern District of Georgia.

Therefore, IT IS HEREBY ORDERED THAT the instant action is TRANSFERRED to the United States District Court for the Northern District of Georgia.

**IT IS SO ORDERED.**

Dated: May 16, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-01879
ORDER TRANSFERRING CASE

2